IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JANICE CLARK                                                                                    PLAINTIFF

v.                                         NO. 4:09CV00877-GTE

TRANSAMERICA LIFE INSURANCE
COMPANY and AEGON USA, INC.
                                                                                                DEFENDANT

**TRANSAMERICA LIFE INSURANCE COMPANY'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER FROM SUBPOENAS DIRECTED TO
NON-PARTIES J. ANGELA ABLES AND KERR, IRVINE, RHODES & ABLES, P.C.**

Transamerica Life Insurance Company ("Transamerica") submits this Reply in support of its "Motion for Protective Order from Subpoenas Directed to Non-Parties J. Angela Ables and Kerr, Irvine, Rhodes & Ables, P.C." (the "Motion for Protective Order" or "Motion") (Doc. 35) and in reply to plaintiff's Response (Doc. 36 & 37).  For the reasons stated below and in Transamerica's Motion for Protective Order, Transamerica respectfully requests that the Court enter an order precluding plaintiff from seeking documents and deposition testimony from J. Angela Ables ("Ables") Kerr, Irvine, Rhodes & Ables, P.C. ("Kerr Irvine") (collectively, the "Non-Parties").

**REPLY**

The Response fails to assert any supportable reason why the Motion for Protective Order should not be considered and granted by this Court.  Transamerica has standing to seek, and this Court has jurisdiction to enter, a protective order with respect to the Subpoenas issued and served under the style of this case.  *See* Fed. R. Civ. P. 26(c).  Transamerica is not asking this Court to quash or modify the Subpoenas.  Rather, Transamerica seeks a protective order ruling on and

narrowing the appropriate scope of discovery in this action. "As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007) (a party may "move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information").

This Court has plenary power to supervise and control the scope of discovery in this action. "It is beyond cavil . . . that the broad outlines of discovery in a civil case are controlled by the court where the case is filed." *Straily v. UBS Fin. Servs., Inc.*, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008) (granting protective order from subpoena served in another jurisdiction under Rule 26). Moreover, Rule 45 "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (issuing Rule 26 protective order from subpoena served in another jurisdiction). Indeed, "[a] party's discovery rights in other districts can rise no higher than their level in the district of trial." *Id.* (citation and internal quotations omitted). This Court is familiar with the procedural posture of and issues relevant to this action having ruled on the plaintiff's Motion for Judgment on the Pleadings (Doc. 25), reviewed the parties' Fed. R. Civ. P. 26(f) and Local Rule 26.1 Report (Doc. 22), and recently entered a Final Scheduling Order (Doc. 34).[1]

---

[1] Plaintiff has not even served her Rule 26(a)(1) initial disclosures in this action. Moreover, she has not served her responses to Transamerica's requests for production, interrogatories, and requests for admissions which were propounded on July 14, 2010. The

Thus, this Court is best suited to, and should, rule on the discoverability of the information sought in the Subpoenas.

Transamerica also has standing to seek a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense" pursuant to Rule 26(c)(1). A protective order is necessary in accordance with this rule because the Subpoenas circumvent party discovery and harass and annoy Transamerica by seeking entirely irrelevant and privileged documents and deposition testimony from an outside attorney and law firm that previously represented a predecessor company which did not issue and never administered the plaintiff's Policy in this case. The Response ignores the substance of Transamerica's Motion for Protective Order. The Response makes no effort to demonstrate why the documents and information sought regarding an Oklahoma policy form and the Oklahoma Insurance Department are relevant and discoverable in this action centered on plaintiff Janice Clark's unrelated Tennessee policy. The Response further ignores that the Subpoenas seek privileged material and to invade the attorney-client relationship through the deposition of an outside attorney and law firm that represented a Transamerica predecessor.

Finally, plaintiff's contention that the Non-Parties do not object to the Subpoenas is erroneous. Transamerica explained in its Motion for Protective Order that both Transamerica and the Non-Parties intended to file motions to quash with the issuing court. Motion at 1 n.3.

---

subpoenas were served solely to harass Transamerica and its former regulatory counsel and drive up the costs of defending this lawsuit. They are duplicative of discovery that was previously rejected in another case, and copy two subpoenas for which motions to quash were pending and fully briefed in Oklahoma in a similar action previously being pursued by plaintiff's same counsel. One business day after the parties resolved the Oklahoma action with the assistance of a settlement magistrate, plaintiff re-served the subpoenas in this case which has no nexus to Oklahoma. Notably, plaintiff made no indication in the Fed. R. Civ. P. 26(f) and Local Rule 26.1 Report (Doc. 22) that she believed third-party discovery (or any discovery) as to Oklahoma policies and the Oklahoma Insurance Department was necessary in this action.

Transamerica and the Non-Parties postponed opening a miscellaneous action in the Western District of Oklahoma, where the Subpoenas were issued, pending their request that plaintiff withdraw the improper Subpoenas. Plaintiff's counsel never responded to Transamerica's meet and confer efforts and never agreed to withdraw the Subpoenas. Accordingly, Transamerica and the Non-Parties are in the process of opening a miscellaneous action and filing motions to quash the Subpoenas.

## CONCLUSION

For the reasons set forth above and in Transamerica's Motion for Protective Order, the Court should enter a protective order precluding plaintiff from seeking testimony and documents from non-parties J. Angela Ables and Kerr, Irvine, Rhodes & Ables, P.C.

Respectfully submitted,

*/s/ Farrokh Jhabvala*
Markham R. Leventhal
Farrokh Jhabvala
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
Facsimile: (305) 372-9928
ml@jordenusa.com
fj@jordenusa.com

John K. Baker
Arkansas Bar No. 97024
**MITCHELL, WILLIAMS, SELIG,
 GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
jbaker@mwlaw.com

*Attorneys for Transamerica Life
Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2010, Transamerica Life Insurance Company's Reply in Support of Motion for Protective Order from Subpoenas Directed to J. Angela Ables and Kerr, Irvine, Rhodes & Ables, P.C. was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

> Tony Gould, Esq.
> Brown & Gould, PLLC
> 701 North Broadway, Suite 510
> Oklahoma City, Oklahoma  73102
> Telephone:  (405) 235-4500
> Facsimile:  (405) 235-4507
> tgould@browngouldlaw.com
>
> James F. Swindoll, Esq.
> Law Offices of James F. Swindoll
> 212 Center Street, Suite 300
> Little Rock, Arkansas  72201
> Telephone:  (501) 374-1290
> jswindoll@swindolllaw.com

>                    */s/ Farrokh Jhabvala*

#188678